**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:18-cv-22880-JEM**

| | |
|---|---|
| SHEHAN WIJESINHA, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff,* | **JURY TRIAL DEMANDED** |
| vs. | |
| SUSAN B. ANTHONY LIST, INC., | |
| *Defendant.* | |

<u>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**</u>

1

This Settlement Agreement and Release is entered into between and among the following parties, by and through their respective counsel: Plaintiff Shehan Wijesinha ("Plaintiff" or "Class Representative"), on behalf of himself and the Settlement Class, and Defendant Susan B. Anthony List, Inc., ("Defendant" or "SBA List"). Plaintiff and Defendant will sometimes be referred to together as the "Parties," or, individually, as a "Party".

WHEREAS, on July 17, 2018, Plaintiff filed the Class Action Complaint (the "Complaint") on behalf of himself and a putative class, which asserts claims under the Telephone Consumer Protection Act ("TCPA");

WHEREAS, Plaintiff alleges that he and each of the members of the class received a text message from Defendant without prior express consent or express written consent, which allegedly harmed him and the class (the "Allegations");

WHEREAS, Plaintiff alleges that, as a result of the Allegations, he and other similarly situated individuals are entitled to declaratory and injunctive relief, statutory damages, attorneys' fees, and costs;

WHEREAS, on October 26, 2018, Defendant filed a motion to dismiss the Complaint or, in the alternative, for a stay, arguing that the TCPA is an overbroad, content-based restriction of free speech, especially as applied to the targeted, time-sensitive, minimally-intrusive political speech at issue in this Case, and that, in the alternative, the Court should stay the proceedings until the Federal Communications Commission finishes its already-initiated review of the proper interpretation of the statute;

WHEREAS, on October 29, 2018, Plaintiff filed a First Amended Complaint ("Amended Complaint") adding in allegations regarding how the at-issue text message was sent;

WHEREAS, on November 9, 2018, Defendant again filed a motion to dismiss the Amended Complaint or, in the alternative, for a stay, on the same grounds as its earlier motion.

WHEREAS, the Parties engaged in intensive arm's-length negotiations over multiple days to resolve the Case with a view toward achieving substantial benefits for the Settlement Class as a whole, while avoiding the cost, delay, and uncertainty of further litigation, trial, and appellate practice;

WHEREAS, the Parties' counsel and Defendant's representatives reached an agreement in principle to resolve the Case;

WHEREAS, for settlement purposes only, Plaintiff requests that the Court certify the Settlement Class and appoint him as Class Representative and his lawyers—Scott A. Edelsberg of Edelsberg Law, P.A.; Andrew J. Shamis of Shamis and Gentile, P.A.; Manuel S. Hiraldo of Hiraldo P.A; and Ignacio Hiraldo of IJH Law —as Class Counsel in the Case;

WHEREAS, based on their investigation and discovery in the Case and the experience of Class Counsel, Plaintiff and Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to, and in the best interest of, the Settlement Class;

WHEREAS, Plaintiff, on behalf of himself and as the representative of the Settlement Class, and Defendant desire to resolve the dispute between them;

WHEREAS, Plaintiff, on behalf of himself and as the representative of the Settlement Class, and Defendant will execute this Agreement solely to compromise and settle protracted, complicated, and expensive litigation; and

WHEREAS, Defendant denies any and all liability or wrongdoing to the Class Representative and to the Settlement Class. Nonetheless, Defendant has concluded that, despite its belief that it is not liable for the claims asserted in the Case and that it has good defenses thereto,

3

further litigation would be protracted and expensive, has taken into account the distraction, uncertainty, and risks inherent in this Case, as well as its financial situation and its charitable mission, and has determined that it is desirable that the Case and the Allegations be fully, completely, and finally settled in the manner and on the terms set forth herein.

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree that the Case shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions in this Agreement, and without costs (except as provided herein), subject to Court approval of this Agreement after a hearing, as appropriate, and on finding that it is a fair, reasonable, and adequate settlement.

## I.   **DEFINITIONS**

In addition to the terms defined above and at other places in this Agreement, the following defined terms have the meaning set forth below:

A.     "Administrator" means KKC, LLC ("KCC"), which, subject to Court approval, shall be responsible for administrative tasks, which may include, without limitation: (a) arranging for distribution of the Class Notice and Claim Form to Settlement Class Members; (b) making any mailings to Settlement Class Members required under this Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) establishing the Settlement Website; (e) receiving and processing Settlement Claims Forms and distributing payments to Settlement Class Members; and (f) otherwise assisting with implementing and administrating this Agreement, subject in all cases to approval by Class Counsel and Counsel for Defendant. Class Counsel and Counsel for Defendant may, by agreement, substitute a different entity as Administrator, subject to approval by the Court if the Court has previously approved the

Settlement preliminarily or finally. In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different entity as Administrator on a showing of good cause.

B.     "Agreement" means this Class Action Settlement Agreement and Release and all attachments and exhibits hereto.

C.     "Attorneys' Fees and Expenses" means the total recovery that may be awarded to Class Counsel to compensate them   for all attorneys' fees, costs, and adequately supported expenses of any kind (including, but not limited to, mediation fees, travel, filing fees, court reporter, and videographer expenses, expert fees and costs, and document review and production costs) incurred by Plaintiff or Class Counsel in connection with the Case.  Defendant shall not be responsible to pay any Attorneys' Fees and Expenses that exceed the amount set forth in Section II.D.2, below.

D.     "Case" means the action titled *Wijesinha v. Susan B. Anthony List, Inc.*, No. 1:18-cv-22880-JEM (S.D. Fla).

E.     "Claim" means a written request for a Claim Settlement Payment submitted by a Settlement Class Member to the Administrator.

F.     "Claim Deadline" means the last date by which a Claim submitted to the Administrator by a Settlement Class Member for a Claim Settlement Payment must be postmarked or filed through the Settlement Website, which shall occur no later than fifteen (15) days after the Final Approval Order. All Claims postmarked or filed through the Settlement Website on or before the Claim Deadline shall be timely, and all Claims postmarked or filed through the Settlement Website after the Claim Deadline shall be untimely and barred from entitlement to any Claim Settlement Payment.

5

G.      "Claim Form" means the form attached as **Exhibit 1** to this Agreement and/or as ultimately approved by the Court.

H.      "Claim Settlement Check" means the check containing the Claim Settlement Payment for each Settlement Class Member who submits a valid and timely Claim.

I.      "Claim Settlement Payment" means the payment to be made to Settlement Class Members who submit properly completed and timely Claim Forms to the Administrator, and who qualify for such relief under this Agreement.

J.      "Class Counsel" means: (a) Scott A. Edelsberg, Esq., Edelsberg Law, PA, 19495 Biscayne Boulevard #607, Aventura, Florida 33180; (b) Andrew J. Shamis, Shamis and Gentile, P.A., 14 NE 1st Avenue, Suite 400, Miami, Florida 33132; (c) Manuel S. Hiraldo, Hiraldo P.A., 401 E. Las Olas Boulevard, Suite 1400, Fort Lauderdale, Florida 33301; and (d) Ignacio Hiraldo, IJH, Law, 1200 Brickell Ave, Suite 1950, Miami FL, 33131.

K.      "Class Notice" means the program of notice described in Section III(B) of this Agreement to be provided to Settlement Class Members, which will notify Settlement Class Members about the details of the Settlement.

L.      "Class Notice Date" means the last date on which Class Notice can be disseminated, which shall be set by the Court in the Preliminary Approval Order as approximately sixty (60) days after entry of the Preliminary Approval Order.

M.      "Class Period" means July 9, 2018, through the date of this Agreement.

N.      "Class Representative" means Plaintiff Shehan Wijensinha.

O.      "Confidential Information" means proprietary or commercially sensitive information or personal information subject to state and federal privacy laws that the Parties agree

6

to protect in this Agreement from disclosure and dissemination to the public or any third-party or entity other than the Administrator.

P.      "Counsel for Defendant" means: Thomas Demitrack, Jones Day, 901 Lakeside Avenue, Cleveland, Ohio 44114.

Q.      "Court" means the U.S. District Court for the Southern District of Florida.

R.      "Days" means calendar days, except that, when computing any period of time under this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time under this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday.

S.      "Effective Date" means the date on which the Final Approval Order becomes Final.

T.      "Final Approval Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of this Agreement and associated settlement in accordance with class action procedures and requirements; and (ii) entering the Final Approval Order.

U.      "Final" or "Finally Approved" or "Final Approval" of this Agreement means the later of the date that (i) the time has run for any appeals from the Final Approval Order or (ii) any such appeals have been dismissed or resolved in favor of approving, or affirming the approval of, this Agreement.

V.      "Final Approval Order" means the order and judgment to be entered by the Court, substantially in the form attached hereto as **Exhibit 2**, approving this Agreement as fair, adequate, and reasonable and in the best interests of the Settlement Class as a whole in accordance with the

Federal Rules of Civil Procedure, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, including granting Final Approval to the Settlement and ruling on Class Counsel's application for Attorneys' Fees and Expenses and the Service Award for the Class Representative. If the Court enters separate orders addressing the matters constituting the matters set forth in this paragraph, then the Final Approval Order includes all such orders.

W.     "Long-Form Notice" means the notice that is made available on the Settlement Website and upon request from the Administrator, in substantially the form attached as **Exhibit 3** to this Agreement.

X.     "Mail Notice" means the postcard individual notice that sent by email or first class mail by the Administrator to Settlement Class Members, in substantially the form attached as **Exhibit 4** to this Agreement.

Y.     "Notice and Administrative Costs" means the reasonable costs and expenses authorized by the Court and approved by Class Counsel and Counsel for Defendant of disseminating the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with determining mailing addresses for Settlement Class Members, assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Payments. Defendant shall be responsible for paying Notice and Administrative Costs up to $141,000. Defendant shall not be responsible for paying Notice and Administrative Costs above that amount.

Z.     "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to

the Settlement to be able to object to the Settlement. The Objection Deadline shall be no later than 30 days after the Class Notice Date.

AA.    "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with Class Counsel (or the Administrator) for a Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be no later than 30 days after the Class Notice Date.

BB.    "Preliminary Approval Order" means an order to be entered by the Court certifying the Settlement Class and granting preliminary approval to the Settlement, substantially in the form attached hereto as **Exhibit 5**.

CC.    "Released Claims" means any and all claims, counterclaims, lawsuits, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees, costs, liens, judgments, or liabilities or demands of any kind whatsoever that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, capable or not capable of being known or discovered, accrued, or unaccrued, all from the beginning of the world until today, that arise out of or in any way relate or pertain to claims, no matter how styled, (a) that were asserted, or attempted to be asserted, or that could have been asserted in the Complaint or the Amended Complaint or (b) alleging use by any or all of the Released Parties of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "predictive dialer," or "dialer" (to the fullest extent that those terms are used, defined, or interpreted under the TCPA, relevant regulatory or administrative promulgations, and case law) to make telephone calls or send texts to a wireless, cell or mobile

9

telephone number in connection with efforts to contact or attempt to contact Settlement Class Members, including but not limited to (i) claims arising under or relating to the TCPA or any similar state or federal law, (ii) statutory or common law claims predicated upon any alleged violations of the TCPA or any similar state or federal law, and (iii) statutory or common law claims predicated upon and/or arising from the use by any or all of the Released Parties of any "automatic telephone dialing system," "automatic dialer," "automated dialer," "predictive dialer," or "dialer."

DD.    "Released Parties" means Defendant and each of Defendant's affiliates, agents, employees, subsidiaries, predecessors, successors, parents, co-venturers, divisions, joint ventures and assigns, as well as each of those entities' or persons' past or present owners, investors, directors, officers, employees, partners, managers, members, principals, agents, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, vendors, contractors, volunteers, performers, co-marketers, licensors, concessionaires, franchisors, and assigns.

EE.    "Releasing Parties" means the Class Representative and any member of the Settlement Class who has not timely excluded himself or herself as provided below, whether or not that Class member objects to the Settlement.

FF.    "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Class.

GG.    "Service Award" means any approved payment to the Class Representative.

HH.    "Settlement" means the settlement set forth in this Agreement.

II.    "Settlement Class" means all members of the class of persons in this Case that will be certified by the Court for settlement purposes as follows:

10

All individuals within the United States (i) who were sent a text message (ii) on his or her cellular telephone (iii) by Mudshare or a similar service on behalf of Susan B. Anthony List, Inc. (iv) between July 9, 2018, through the date of this Agreement.

JJ.     "Settlement Class Claimant" means any Settlement Class Member who submits a Claim in accordance with this Agreement.

KK.     "Settlement Class Data" means data relating to approximately 203,486 persons who, according to Defendant's records, may be Settlement Class Members. The Settlement Class Data shall be treated as Confidential Information.

LL.     "Settlement Class Member(s)" means any member of the Settlement Class.

MM.     "Settlement Class Payment List" means the list of all Settlement Class Members who filed a Claim; whether the Claim was rejected or accepted, and, if rejected, the reason it was rejected; the address to which the Claim Settlement Check shall be sent; and the total amount of Claim Settlement Payments to be made.

NN.     "Settlement Fund" includes only (1) the total maximum amount that Defendant has agreed to make available to pay Class Claims—which shall not exceed $1,017,430; (2) Notice and Administrative Costs—which shall not exceed $141,000, (3) a Service Award—which shall not exceed $2,500, and (4) Attorney's Fees and Expenses—which shall not exceed $225,000.

OO.     "Settlement Website" means the website prepared by the Administrator in connection with the process of providing Class Notice to Settlement Class Members.

## II.     SETTLEMENT TERMS

### A.     Certification of Settlement Class and Conditional Nature of Agreement

For settlement purposes only, Defendant conditionally agrees and consents to certification of the Settlement Class. Defendant's conditional agreement and consent is contingent on (i) the Parties' execution of this Agreement, (ii) the Court's entry of the Final Approval Order, and (iii)

11

the Final Approval Order becoming Final.  If this Agreement, for any reason, does not receive Final Approval, if the Final Approval Order does not become Final, or if the Agreement is otherwise terminated, Defendant's conditional agreement and consent as set forth in this section shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or used for any purpose whatsoever, and the negotiation, terms, and entry of the Agreement shall remain inadmissible under the Federal Rules of Civil Procedure, Federal Rule of Evidence 408, and any applicable state law or rule of civil procedure or evidence.

Defendant denies all claims, liability, damages, losses, penalties, interest, fees, restitution, and all other forms of relief that were or could have been sought in the Case, as well as all class action allegations asserted in the Case. Defendant has agreed to resolve this Case through this Agreement, but if this Agreement is deemed void or Final Approval does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Case on all procedural, evidentiary, and factual grounds, including, without limitation, the ability to challenge on any grounds whether any class can be certified and to assert any and all defenses or privileges, including but not limited to its statutory and constitutional defenses. The Class Representative and Class Counsel agree that Defendant retains and reserves all of these rights and agree not to take a position to the contrary.

**B.**     **Settlement Consideration**

**1.**     **Claim Settlement Payments to Settlement Class**

In consideration for the Releases set forth in Section V of this Agreement, Defendant shall provide the following consideration:

Settlement Class Members must submit a timely, valid, and verified Claim Form, by the Claim Deadline in the manner required by this Agreement, to receive a Claim Settlement Payment

from the Settlement Fund. Each Settlement Class Member who submits a timely, valid, correct and verified Claim Form by the Claim Deadline in the manner required by this Agreement, making all the required affirmations and representations, shall be sent a Claim Settlement Check by the Administrator in the amount of $5.00.

Within sixty (60) days after the Effective Date, the Administrator shall send, by first-class mail, a Claim Settlement Check to each Settlement Class Member who submits a timely, valid, correct, and verified Claim Form.

Except as provided in this Section, and in Section II.D.1 below,  Defendant shall have no obligation to make any other or further payments to Class Representative or to any Settlement Class Member.

**2.      Changed Business Practices**

The Parties recognize that, as a result of this Case, Defendant will institute policies and procedures relating to TCPA compliance, including, but not limited to, policies and procedures applicable to consent depending on the equipment used to send text messages.  Such changed business practices shall be instituted prior to the date of the Motion for Final Approval.

**C.      <u>Settlement Approval</u>**

Concurrent with submission of this Agreement for the Court's consideration, Class Counsel shall submit to the Court a motion for preliminary approval of this Agreement. The motion shall seek entry of a Preliminary Approval Order. Papers in support of Final Approval, Attorneys' Fees and Expenses, and the Service Award shall be filed at least forty-five (45) days after the Class Notice Date. Defendant agrees to support the entry of the Preliminary Approval Order provided it is substantially in the form attached hereto as Exhibit 5, but said agreement shall not be an admission by Defendant that a class and/or relief would have been appropriate in the Case or would be appropriate in any other action.

13

Counsel for the Parties agree to recommend approval of this Agreement by the Court and to undertake commercially reasonable efforts, including undertaking all steps and efforts contemplated by this Agreement and any other steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of this Agreement.

D.    **Service Award and Attorneys' Fees and Expenses**

1.    **Service Award**

Class Counsel will request, and Defendant will not oppose, a Service Award for the Class Representative not to exceed $2,500. Defendant shall not be responsible for any Service Award above that amount. If the Court awards the Service Award, then Plaintiff will provide to Defendant a completed W9 form within fifteen (15) days after the Effective Date, and Defendant will deliver to Class Counsel a check made payable to Class Representative within fifteen (15) days thereafter. Defendant's agreement not to oppose the application shall not be construed as an admission, agreement, or concession by Defendant that a service award is reasonable and/or appropriate.

2.    **Attorneys' Fees and Expenses**

Class Counsel will request, and Defendant will not oppose, an award of Attorneys' Fees and Expenses not to exceed $225,000 to be paid by Defendant. Defendant shall not be responsible to pay any Attorneys' Fees and Expenses above that amount. Class Counsel shall be responsible for allocating and shall allocate among Class Counsel any Attorneys' Fees and Expenses, and Defendant shall have no responsibility, role, or liability in connection with such allocation. All Attorneys' Fees and Expenses shall be paid to Class Counsel as follows: (1) the first payment due on the later of April 1, 2019, or the date set forth in any Final Approval Order, provided that it is after the Effective Date, (2) the second payment due 60 days later, and (3) the final payment due 120 days after that. Defendant's agreement not to oppose the motion for Attorney's Fees and

14

Expenses shall not be construed as an admission, agreement or concession by Defendant that the Attorney's Fees and Expenses applied for by Class Counsel are reasonable and/or appropriate.

## III.   CLAIMS ADMINISTRATION

### A.   Administrator

The Parties have agreed on KCC as the Administrator. The Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Administrator shall be responsible for, among other things and if and as necessary, the implementation and effectuation of Class Notice, processing Claim Forms, receiving and maintaining on behalf of the Court any correspondence regarding requests for exclusion and/or objections to the Settlement, administering Claim Settlement Payments, and providing all other related support, reporting, and administration as further stated in this Agreement. The Parties may direct the Administrator to assist with various additional administrative tasks in implementing the Settlement as the Parties agree is appropriate.

The Parties will coordinate with the Administrator to provide Mail Notice to the Settlement Class, as provided in this Agreement. Defendant's sole responsibility in that regard will be to provide the Settlement Class Data.  The Administrator shall administer the Settlement in accordance with the terms of this Agreement and shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as Confidential Information except as provided for in this Agreement or by court order.

All Notice and Administrative Costs, up to the agreed cap of $141,000, shall be paid by Defendant upon presentation of appropriate statements for amounts expensed as provided below. Defendant shall not be responsible for any Notice and Administrative Costs above that amount. Defendant shall not be obligated to compute, estimate, or pay any taxes on behalf of Class

15

Representative, any Settlement Class Member, Class Counsel, or the Administrator. The Administrator will invoice Defendant directly for start-up and initial Class Notice costs at any time after entry of the Preliminary Approval Order and will invoice Defendant monthly for incurred fees and expenses thereafter, up to the agreed cap of $141,000. The Administrator will complete and provide to Defendant any W9 forms necessary for Defendant to pay for the Notice and Administrative Costs.

      **B.**    <u>**Notice**</u>

      **1.**    **Settlement Class Data**

Within ten (10) days after entry of the Preliminary Approval Order, Defendant—if it has not already done so—will provide to the Administrator the Settlement Class Data in electronic format. Using the Settlement Class Data, the Administrator will confirm the mailing addresses associated with each of the telephone numbers of the Settlement Class Members.

      **2.**    **Mail Notice**

Within thirty (30) days following the entry of the Preliminary Approval Order, or at such other time as may be ordered by the Court, the Administrator shall commence sending notice. To the extent email addresses are available the Administrator shall send the Mail Notice by email. In all other cases, the Administrator shall send the Mail Notice by first class U.S. Mail. The sending of notice must be completed by the Class Notice Date. To the extent that the Administrator provides Mail Notice by email, and that email is returned as undeliverable, the Administrator shall then send Mail Notice by first class U.S. Mail. To the extent that the Administrator provides Mail Notice by first class U.S. Mail, after posting the Mail Notice with the United States Postal Service, for any Mail Notices returned as undeliverable, the Administrator shall use the National Change of Address database (the "NCOA") or skip-tracing in an attempt to obtain better addresses for such returned Mail Notices, and should the NCOA or skip-tracing show a more current address,

16

the Administrator shall post the returned Mail Notice to the more current address. Before any notice is commenced, Class Counsel and Defendant's counsel shall first be provided with a proof copy of such notice (including what the items will look like in their final form), and shall have the right to inspect the same for compliance with this Agreement and with the Court's orders.

### 3. Long-Form Notice

Mail Notice will all contain the address for the Settlement Website, www.SBATCPAsettlement.com. The website will include the relevant court filings relating to the Settlement, as well as the Long-Form Notice. The Long Form Notice will be sent to all Settlement Class members who contact the Administrator by telephone or email and request a copy.

### 4. Settlement Website

By the Class Notice Date, the Administrator shall establish and maintain the Settlement Website, which, among other things: (i) enables Settlement Class Members to access and download the Claim Form, (ii) provides contact information for Class Counsel, and (iii) provides access to relevant documents concerning the Case. Such documents shall include this Agreement and Class Notice; the Long-Form Notice; the Preliminary Approval Order; the Amended Complaint; and, when filed, the Final Approval Order. The Class Notice shall include the address (URL) of www.SBATCPAsettlement.com for the Settlement Website. The Administrator shall maintain the Settlement Website until at least sixty (60) days following the Claim Deadline. The Administrator shall terminate the Settlement Website one hundred and twenty (120) days after either (1) the Effective Date, or (2) the date on which the Settlement is terminated or otherwise not approved by the Court. The Administrator shall then transfer ownership of the URL of the Settlement Website to Defendant.

Class Counsel shall provide Defendant with an adequate opportunity to review and comment on text viewable at or available via links from the Settlement Website (other than

publicly available documents available at or via such links) prior to the availability for viewing of such Website or the posting of any such text on the Website once the Website is available for viewing.

### 5.   IVR

It shall be the responsibility of the Administrator to respond to all inquiries from members of the Settlement Class with respect to this Agreement and the Settlement, except to the extent that inquiries are directed to Class Counsel.  By the Class Notice Date, the Administrator shall establish and maintain a toll free number that maintains an IVR (or similar) system to answer questions about the Settlement. The Administrator shall maintain the IVR (or similar) system until at least sixty (60) days following the Claim Deadline. Class Counsel and counsel for Defendant shall confer and assist the Administrator as it reasonably requests.

### 6.   CAFA Notice

The Administrator shall serve notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b). The Administrator shall copy Counsel for Defendant on the notices, and shall provide confirmation of service, and the Parties shall thereafter provide the Court with confirmation of service on or before the date of the Final Approval Hearing.  No Party shall request that an order giving final approval of the Settlement be issued prior to the expiration of the time set forth in 28 U.S.C. § 1715(d).

### C.   **Claim Filing, Review, and Approval Process**

### 1.   **Claim Form**

To submit a valid Claim, Settlement Class Members must correctly provide all the information and documentation required by the Claim Form. The Claim Form shall require any Settlement Class Member who submits a Claim to provide the following documentation and information, and affirm that the documents and information provided are true and accurate under

penalty of perjury: (a) Settlement Class Claimant's name, current address, telephone number, and e-mail address; (b) Settlement Class Claimant's telephone number that received a text message from Defendant; (c) an affirmation that the Settlement Class Claimant received a text message from Defendant and is a member of the Class; and (d) a declaration under penalty of perjury that all information and representations contained in the Claim Form are true and correct.

### 2.    Claim Filing Process

Settlement Class Members shall be permitted to make a Claim for a Claim Settlement Payment in one of two ways: (i) by sending by U.S. mail a written and fully and accurately completed Claim Form, on a date no later than the Claim Deadline; (ii) by filing a written and fully and accurately completed Claim Form online at www.SBATCPAsettlement.com, on a date no later than the Claim Deadline. Any Settlement Class Member who does not mail or file online an accurate and fully completed Claim Form by the Claim Deadline shall be deemed to have waived any Claim and any such Claim will be rejected.

### 3.    Invalid Claims

Any Settlement Class Member who has not opted out, but who fails to submit a timely, accurate, and fully completed, valid Claim Form, executed under penalty of perjury, shall not be entitled to receive a Settlement Claim Payment, shall otherwise be bound by all of the terms in this Agreement, including the terms of the Final Approval Order and the Releases in this Agreement, and shall be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Parties concerning any Released Claims.

### 4.    Claim Review Process

The Administrator shall confirm that each Claim Form submitted is in the form required; that each Claim Form includes the required affirmations, information, and documentation; that each Claim Form was submitted in a timely fashion; and that the Settlement Class Claimant is a

19

member of the Settlement Class. All such Claim criteria shall be strictly enforced. Any Settlement Class Claimant's failure to provide any of the required affirmations or information shall result in the Claim being deemed invalid, and the Administrator shall not have any further obligation to process, or the Defendant to make any Claim Settlement Payment on, such invalid Claim. The Administrator shall not receive any incentive for denying claims. The Administrator's decision to permit or reject a claim shall be final.

5.      <strong>Settlement Class Payment List</strong>

At least five (5) days after the Claim Deadline, the Administrator shall provide Class Counsel and Counsel for Defendant with the Settlement Class Payment List.

**D.      <u>Opt-Out Rights</u>**

**1.      Opt-Out Requirements**

A Settlement Class Member who wishes to opt-out of the Settlement Class must do so in writing. To opt-out, a Settlement Class Member must complete and send to Class Counsel (or the Administrator), at the address listed in the Class Notice, a Request for Exclusion that is postmarked no later than the Opt-Out Deadline, as specified in the Class Notice (or as the Court otherwise requires). The Request for Exclusion must: (a) identify the case name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify the telephone number at which the person received a text message from Defendant; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement in plain English that unequivocally indicates a desire to be excluded from the Settlement Class in the Case, such as: "I hereby request that I be excluded from the proposed Settlement Class in *Wijesinha v. Susan B. Anthony*, Case No. 1:18-cv-22880-JEM."

Any Settlement Class Member who does not opt-out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class, and shall be bound by all

20

subsequent proceedings, orders, and judgments, including the Final Approval Order. If a Settlement Class Member submits both a request for exclusion and a claim to the Settlement, the request for exclusion shall control unless otherwise ordered by the Court.

No person shall purport to exercise any exclusion rights of any other person, or purport (i) to opt-out Class Members as a group, aggregate, or class involving more than one Class Member; or (ii) to opt-out more than one Class Member on a single paper, or as an agent or representative. Any such purported opt-outs shall be void, and the Class Member(s) that is or are the subject of such purported opt-out shall be treated as a Class Member.

### 2. Opt-Outs Not Bound

Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, this Agreement; (c) gain any rights by virtue of this Agreement; or (d) be entitled to object to any aspect of the Settlement.

### 3. List of Requests for Exclusion

At least thirty five (35) days after the Class Notice Date, the Administrator shall provide Class Counsel and Counsel for Defendant with a list of all timely Requests for Exclusion along with copies of such Requests for Exclusion.

### 4. Right To Terminate Based on Volume of Opt-Outs

Defendant shall have the right to terminate this Agreement if more than twenty five (25) Settlement Class Members properly and timely exercise their right to opt out of the Settlement Class. The Administrator shall promptly inform in writing Class Counsel and Counsel for Defendant if the number of opt-outs has exceeded the above threshold.

21

**5.      All Settlement Class Members Bound By Settlement**

Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms.

**E.      <u>Objections</u>**

Any Settlement Class Member who does not opt-out of the Settlement may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

**1.      Process**

Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Court and mailed (with the requisite postmark) to Class Counsel and Counsel for Defendant (at the addresses identified in Sections I(J) and I(P)), no later than the Objection Deadline.

**2.      Requirements**

The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include:

    a.   the name of the Case;

    b.   the objector's full name, address, and telephone number;

    c.   an explanation of the basis on which the objector claims to be a Settlement Class Member;

    d.   all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

22

e. the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling on the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f. the identity of all counsel who represent the objector, including any former or current counsel who may seek to claim compensation for any reason related to the objection to the Settlement or the application for Fees and Expenses;

g. a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that counsel that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

h. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i. the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l. the objector's signature (an attorney's signature is not sufficient).

Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement by appeal or other means.

      3.       **Appearance**

Subject to approval by the Court, any Settlement Class Member who files and serves a written objection in accordance with this Section may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Counsel for Defendant by the Objection Deadline.

The Notice of Intention to Appear must include: (a) the case name and number; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented by counsel, their contact information; (c) the telephone number where he or she received a text message from Defendant; and (d) copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Class Notice and this Agreement shall not be entitled to appear at the Final Approval Hearing and raise any objections.

      4.       **Discovery From Settlement Class Members Who Object To The Settlement**

24

The Parties shall have the right to take discovery from any Settlement Class Member who objects to the Settlement without further leave of court. If the Settlement Class Member who objects to the Settlement is represented by counsel, the Parties shall also have the right to take discovery from the Settlement Class Member's counsel without further leave of court.

F.     **Funding & Distribution of The Settlement Fund and Claim Settlement Payment**

    1.     **Settlement Fund**

As described herein, the Settlement Fund shall be used to provide the exclusive recovery and relief for the Class, any Attorneys' Fees and Expenses, any Service Award, and all Notice and Administrative Costs. The Settlement Fund shall be the sole and exclusive monetary contribution or consideration paid or provided by Defendant under this Settlement Agreement and Defendant shall not, under any circumstances, be obligated to pay any other additional amounts beyond the amount set forth in the definition of the Settlement Fund. Any part of the Settlement Fund that is not used to provide relief for the Settlement Class, Attorneys' Fees and Expenses, any Service Award, and any Notice and Administrative Costs shall remain with or be returned to Defendant.

    2.     **Funding**

Defendant, within thirty (30) days after the Effective Date, shall fund all amounts required by the Administrator for distribution of any Claim Settlement Payments to Settlement Class Members who have submitted timely and valid Claim Forms. Defendant shall be responsible for depositing with the Administrator funds only to the extent necessary to pay valid claims—as determined by the Parties and the Administrator—actually made by class members (in addition to Notice and Administrative Costs up to the agreed cap, the Service Award up to the agreed cap, and Attorneys' Fees and Expenses up to the agreed cap).

    3.     **Distribution**

The Administrator shall pay, within sixty (60) days after the Effective Date, any Claim Settlement Payments to Settlement Class Members who submit timely and valid Claim Forms.

### G. <u>Disapproval, Cancellation, Termination or Nullification of Settlement</u>

#### 1. **Disapproval of Settlement**

This Agreement is conditioned on Final Approval without material modification by the Court. If the Agreement is not so approved, the Parties shall have the right to withdraw from the Agreement and return to the status quo ante as if there had been no settlement or this Agreement had not been negotiated or entered into. Moreover, the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive, evidentiary, procedural, or other rights of any kind that they may have as to each other or any Settlement Class Member. If the Agreement is approved without material modification by the Court, but is later reversed or vacated on appeal, each of the Parties shall have a right to withdraw from the Agreement and return to the status quo ante, for all litigation purposes, as if no Agreement had been negotiated or entered into, and shall not be deemed to have waived any substantive, evidentiary, procedural, or rights of any kind that they may have as to each other or any Settlement Class Member.  Provided, however, that any reversal, vacatur or modification by the Court or on appeal of any amount of Attorneys' Fees and Expenses, or Service Award awarded by the Court, or any determination by the Court to award less than the amount requested in Attorney's Fees and Expenses, or Service Award, shall not give rise to any right of termination or otherwise serve as a basis for termination of this Agreement.

#### 2. **Termination By The Parties**

Either Party shall have the right in his or its sole discretion to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement if any of the following conditions occurs: (1) the Court, within one-hundred eighty (180) days after the motion

for preliminary approval is filed, fails or declines to grant Preliminary Approval substantially in accordance with the terms of the Preliminary Approval Order; (2) the Court, within three-hundred sixty (360) days after granting Preliminary Approval in accordance with the terms of the Preliminary Approval Order, fails or declines to grant Final Approval substantially in accordance with the terms of the Final Approval Order; (3) an appellate court vacates or reverses the Final Approval Order; (4) the Effective Date does not occur for any reason; or (5) any condition described in this Agreement, including any Exhibits, as a basis for termination or cancellation occurs.  Provided, however, that a modification or reversal on appeal or review of any amount of the Attorneys' Fees and  Expenses or Service Award awarded by the Court shall not prevent the Settlement from becoming final if all other aspects of the Final Judgment have been affirmed; and provided further that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining when the judgment becomes final.

### 3.      Notice of Termination

If a Party elects to terminate this Agreement under this Section G, that Party must provide written notice to the other Party's counsel, by hand delivery or mail, within ten (10) days of the occurrence of the condition permitting termination.

### 4.      Appeal of Denial of Approval

Nothing shall prevent Class Counsel and/or Defendant from appealing any denial of Final Approval of the Settlement, and the Parties agree that, in the event of such an appeal, the Parties will propose to the Court that the Case be stayed pending resolution of any such appeal. The Parties further agree, in the event of such an appeal, that they shall continue to support and advocate for approval of the Settlement on appeal or in post-appeal proceedings.

### 5.      Effect Of Agreement Upon Termination

If this Agreement is terminated or disapproved, or if the Effective Date should not occur for any reason, then: (i) this Agreement and all orders entered in connection therewith shall be rendered null and void; (ii) this Agreement, and all negotiations, proceedings, and orders relating hereto, shall be of no force or effect and shall not be used or referred to for any purpose whatsoever, and shall be without prejudice to the rights of the Parties; and (iii) all Parties shall be deemed to have reverted to their respective status in the Case as of the date and time immediately preceding the execution of this Agreement and, except as otherwise expressly provided, the Parties shall stand in the same position and shall proceed in all respects as if this Agreement and any related orders had never been executed, entered into, or filed, except that the Parties shall not seek to recover from one another any costs and attorneys' fees incurred in connection with the Settlement and this Agreement.

### 6.    Return of Funds

If the Settlement is terminated pursuant to the terms of this Agreement, or this Agreement does not become final, then Class Counsel shall direct the Administrator to, and the Administrator shall, refund to Defendant any funds provided to the Administrator for Notice and Administrative Costs and not yet incurred by the Administrator as of the earlier of (i) the date of the termination of this Agreement, or (ii) notification to the Administrator by Class Counsel that the Settlement and this Agreement will not become final. The Administrator shall thereafter return any balance in the Settlement Fund (including interest earned in any Escrow Account) to Defendant within ten (10) days after such direction.

### H.    Retention of Records

The Administrator shall retain all records relating to payment of claims under this Agreement for a period of five (5) years from the Effective Date.

### I.    Financial Declaration

28

At least fifteen (15) days prior to the Motion for Final Approval being filed, Defendant shall provide a financial declaration to Class Counsel attesting that the amount made available as the Settlement Fund is the most it can reasonably contribute to a settlement in the Case. The financial declaration shall be used as an exhibit to the Motion for Final Approval.

**IV.**     **EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION**

**C.**     **Exclusive Remedy; Permanent Injunction**

Upon issuance of the Final Approval Order: (i) the Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions hereof; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s) who have not opted out; (iii) Settlement Class Members who have not opted out shall be permanently barred and enjoined from asserting any Released Claims in any action or from filing, commencing, prosecuting, intervening in, continuing, or in any way participating in (as class members or otherwise) any action based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iv) Settlement Class Members who have not opted out shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

**D.**     **Dismissal of Claims**

The Parties agree that upon the Effective Date, the Case shall be dismissed with prejudice in accordance with the Final Approval Order.

29

### E.    __Continuing Jurisdiction of Court__

The Court shall retain exclusive and continuing jurisdiction over this Case, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## V.    __RELEASES__

Upon the Effective Date of this Agreement, the Released Parties shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member who has not opted out ("Releasing Parties") from all Released Claims. The Releasing Parties covenant and agree that they shall not hereafter seek to establish liability against any of the Released Parties based, in whole or in part, on any of the Released Claims. The Releasing Parties expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute of the United States. Section 1542 reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Upon the Effective Date, all Settlement Class Members who have not opted-out shall be deemed to have, with respect to the subject matter of the Case, expressly waived the benefits of any statutory provisions or common law rules (including, but not limited to, Section 1542) that provide, in sum or substance, that a general release does not extend to claims which the person does not know or suspect to exist in the person's favor at the time of executing the release, which if known by the person would have materially affected its settlement with any other party.

The Releasing Parties may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released

30

Claims, but the Releasing Parties, upon the Effective Date, shall be deemed to have, and by operation of the Final Approval Order, shall have, nevertheless, fully, finally, and forever waived, settled, and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

The Parties intend that there will be entries of final judgment with prejudice in the Case respecting all claims that are or could have been brought in the Case consistent with the broadest principles of res judicata, collateral estoppel, and claim and issue preclusion.

Upon issuance of the Final Approval Order, the Plaintiff, and all Settlement Class Members who have not opted out shall be permanently barred and enjoined from: (a) asserting any Released Claims in any action or proceeding or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims; and (b) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties. Nothing in this Agreement shall preclude any action to enforce the terms of the Agreement.

This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement.

## VI.    COVENANTS, REPRESENTATIONS, AND WARRANTIES

Plaintiff and the Settlement Class Members who have not opted out covenant and agree: (a) not to assert any of the Released Claims in any action or proceeding and not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action or proceeding based on any of the Released Claims against any of the Released Parties; (b) not to organize or

31

solicit the participation of Settlement Class Members for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties; and (c) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Parties.

Plaintiff represents and warrants that: (a) he is the sole and exclusive owner of his own Released Claims; (b) that he has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties; (c) that he will not assign or otherwise transfer any interest in any of the Released Claims; (d) that he has no surviving claim or cause of action against any of the Released Parties that is not being released by this Agreement; and (e) he will keep confidential and not publicly disclose, disseminate, or use any of the information in the Settlement Class Data.

Class Counsel represent and warrant that: (a) they know of no other persons with claims against Defendant who are not included in the Settlement Class and whose claims will not be released upon the Effective Date of this Agreement; and (b) they will keep confidential and not publicly disclose, disseminate, or use any of the information in the Settlement Class Data.

## VII.   MISCELLANEOUS PROVISIONS

### C.   Cooperation to Facilitate this Settlement

The Parties agree that they shall work together in good faith to facilitate this Agreement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

### D.   Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal

32

effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

      **E.**     **No Admission of Liability**

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of himself or the Settlement Class, against Defendant, or that the Settlement Class or any other class, whether alleged in the Case or not, would be appropriately certified in the Case or in any other action. Defendant expressly denies and disclaims any liability or wrongdoing. The existence, contents, and terms of this Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible as evidence for any purpose in any proceeding, except solely for purposes of enforcement of the Agreement's terms; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

      **F.**     **Contractual Agreement**

The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

      **G.**     **Change of Time Periods**

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for Defendant, without notice to Settlement Class Members. The

Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### H.    Integration

This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

### I.    Drafting

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

### J.    Costs

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

### K.    Modification or Amendment

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

### L.    No Waiver

34

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

**M.**  **Severability**

Should any part, term, or provision of this Agreement (except for the release or the cap on Attorneys' Fees and Expenses) be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Section shall not apply should any court or tribunal find any part, term, or provision of the release or the cap on Attorneys' Fees and Expenses to be illegal or invalid in any manner.

**N.**  **No Violation of Law or Agreement**

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

**O.**  **Successors**

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties hereto.

**P.**  **Choice of Law**

35

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Florida, without reference to its conflict of law provisions, except to the extent that federal law governs.  The adequacy of the settlement, any determination regarding Attorneys' Fees and Expenses, and any Service Award shall be governed by federal law.

**Q.**      **Fair and Reasonable**

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, it is in the best interests of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

**R.**      **Headings**

All headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

**S.**      **Exhibits**

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

**T.**      **Counterparts**

This Agreement may be executed in one or more counterparts.  All executed counterparts, and each of them, shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

**U.**      **Facsimile and Electronic Mail**

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

**V.**      **Warranty of Signature**

36

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

### W.    No Assignment

Each Party represents and warrants that such Party has not assigned or otherwise transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party.  Any Party that breaches the representations and warranties set forth in this Section shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section.

### X.    No Collateral Attack

This Agreement shall not be subject to collateral attack by any Settlement Class Members who have not opted out or their representatives any time on or after the Effective Date. Such prohibited collateral attacks shall include, but shall not be limited to, claims that such a Settlement Class Member's claim should have been heard or decided by another court or in another suit, that such a Settlement Class Member's claim was improperly denied, that the payment to such a Settlement Class Member was improperly calculated, and/or that such a Settlement Class Member failed to receive timely notice of the Settlement.

### Y.    Confidentiality; Communications to Media and Public

37

The Parties agree that the terms of this Settlement shall remain confidential and not be disclosed by any Party until the Agreement is filed in connection with the Preliminary Approval Application. Before preliminary approval is decided and if preliminary approval is denied, the Parties and their attorneys shall refrain from making any comments regarding the proposed Settlement for purposes of publication. If preliminary approval is granted, the Parties and their attorneys shall refrain from initiating comments about the Settlement to any members of the press or any other person for the purposes of providing public comment regarding the Settlement except as required by the Court, pursuant to the notice program approved by the Court, or pursuant to the terms of the Settlement. Notwithstanding the foregoing, Class Counsel may place factual notices on their websites informing visitors to their websites of the case status, with links to the Settlement Website. However, if any Party or attorney is contacted by a member of the press or other person seeking a public comment on the Settlement, the Party or attorney may provide the inquiring party with the details of the Settlement as published pursuant to the Preliminary Approval Order, without additional editorial statements, expression of personal opinion or estimates of Settlement valuation. No Party shall disparage any other in any fashion. In no event shall the Class Representative, Class Counsel, or their agents state or imply to any person that the Settlement represents an acknowledgement by Defendant of any wrongdoing or liability by it. Nothing in this Section shall be interpreted to limit representations that the Parties or their attorneys may make to the Court to assist it in its evaluation of the proposed Settlement; nor shall it prohibit Class Counsel from communicating directly with a Class Member or Class Members once appointed as Class Counsel. If a Party is required by a valid, enforceable subpoena or government information request to disclose the Settlement or information about the Settlement, such Party shall provide reasonable

prior written notice (to the extent permitted by applicable law) to the other Party to allow the other Party to seek to prevent such disclosure.

For the avoidance of any doubt, nothing in this Agreement prevents the Parties from making any disclosures required to effectuate this Agreement or from making any disclosures required by law.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _____     By:     _____
                                         *Plaintiff and Class Representative*

                                         *Ignacio Hiraldo*
Dated: __12/7/18_____     By:     _____
                                         Scott A. Edelsberg
                                         Manuel S. Hiraldo
                                         Andrew J. Shamis
                                         Ignacio J. Hiraldo
                                         *Counsel for Plaintiff and the Settlement Class*

Dated: _____             Susan B. Anthony List, Inc.

                                 By:     _____

                                         Name: _____

                                         Title: _____

Dated: _____     By:     _____
                                         *Counsel for Defendant*

40

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: 12-7-2018   By: _____

*Plaintiff and Class Representative*

Dated: _____   By: _____

Scott A. Edelsberg
Manuel S. Hiraldo
Andrew J. Shamis
Ignacio J. Hiraldo
*Counsel for Plaintiff and the Settlement Class*

Dated: _____       Susan B. Anthony List, Inc.

By: _____

Name: _____

Title: _____

Dated: _____   By: 

_____
*Counsel for Defendant*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _____      By:    _____
                                     *Plaintiff and Class Representative*


Dated: _____      By:    _____
                                     Scott A. Edelsberg
                                     Manuel S. Hiraldo
                                     Andrew J. Shamis
                                     Ignacio J. Hiraldo
                                     *Counsel for Plaintiff and the Settlement Class*

Dated:  12/7/18                      Susan B. Anthony List, Inc.

                              By:    Emily Buchanan
                                                             P.P. CMF
                                     Name: Emily Buchanan

                                     Title: Executive Vice President,
                                            Susan B. Anthony List, Inc.

Dated:  12/7/18               By:    _____
                                     *Counsel for Defendant*

40

# EXHIBIT 1

**Susan B. Anthony List, Inc. Settlement CLAIM FORM**

## Case No. 18-cv-22880-JEM

Return this Claim Form to:  Claim Administrator, PO Box xxxx, XXXX xxxxx- xxxx. Questions, visit **www.SBATCPAsettlement.com**  or call **1-xxx-xxx-xxxx**.

**DEADLINE: THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED BY MONTH  DAY , YEAR  BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**YOU MUST SUBMIT THIS CLAIM FORM TO RECEIVE A SETTLEMENT PAYMENT.**

Please note that if you are a Class Member, the Class Member Verification section below requires you to state, under penalty of perjury, that all information contained therein is true and correct. This Claim Form may be researched and verified by the Claim Administrator.

| YOUR CONTACT INFORMATION |
|---|

**Name**: _____   _____   _____
               (First)             (Middle)            (Last)

**Current Address**: _____

(City)                         (State)        (ZIP Code)

**Telephone Number on the Date you Received a Text Message: (_____)_____– _____**
**Email address :_____**

**Current Phone Number: (_____)_____–_____**     or  ☐ check if same as above
(Please provide a phone number where you can be reached if further information is required.)

**Claim ID** :_____

| Class Member Verification |
|---|

By submitting this claim form, I declare under penalty of perjury that I am a member of the Class (defined as All individuals within the United States (i) who were sent a text message (ii) on his or her cellular telephone (iii) by Mudshare or a similar service on behalf of Susan B. Anthony List, Inc. (iv) between July 9, 2018, through the date of the settlement agreement and that the information provided herein is true and correct.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
Additional information regarding the Settlement can be found at visit www.cubamaxTCPAsettlement.com

 **I declare under penalty of perjury that the foregoing is true and correct.**

Signature:_____     Date: _____

Print Name:_____

**If you have questions, you may call the Claim Administrator at 1-xxx-xxx-xxxx.**

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 1:18-cv-22880-JEM

SHEHAN WIJESINHA, individually and on behalf
of all others similarly situated,

     *Plaintiff,*

vs.

SUSAN B. ANTHONY LIST, INC.,

     *Defendant.*

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## [PROPOSED] ORDER GRANTING FINAL APPROVAL TO
## CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On _____, 201__, the Court granted preliminary approval to the proposed class

action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement")

between Plaintiff Shehan Wijesinha ("Plaintiff"), on behalf of himself and all members of the

Settlement Class,[1] and Defendant Susan B. Anthony List, Inc. ("SBA" or "Defendant")

(collectively, the "Parties"). The Court also provisionally certified the Settlement Class for

settlement purposes, approved the procedure for giving Class Notice to the members of the

Settlement Class, and set a Final Approval Hearing to take place on _____.

On _____, the Court held a duly noticed Final Approval Hearing to

consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable,

and adequate; (2) whether a judgment should be entered dismissing the Plaintiff's Complaint on

_____

[1] Unless otherwise defined, capitalized terms herein have the definitions found in the Settlement Agreement.

the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award a Service Award to Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

## I.    JURISDICTION OF THE COURT

1.    The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2.    The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.    The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d)

Plaintiff have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.    CERTIFICATION OF SETTLEMENT CLASS

4.       Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement: All individuals within the United States (i) who were sent a text message (ii) on his or her cellular telephone (iii) by Mudshare or a similar service on behalf of Susan B. Anthony List, Inc. (iv) between July 9, 2018, through the date of the settlement agreement.It is the parties' intention that the class definition shall cover the claims alleged in the amended complaint and shall be consistent with the class definition in the amended complaint. Excluded from the Settlement Class are: (i) the district judge and magistrate judge presiding over this case, the judges of the U.S. Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to any of them; (2) individuals who are or were during the Class Period agents, directors, employees, officers, or servants of SBA or of any affiliate or parent of SBA; (3) Plaintiff's counsel and their employees, and (4) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of the Settlement Agreement.

## III.    APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

5.       The Court finally appoints Scott A. Edelsberg of Edelsberg Law, P.A.; Andrew J. Shamis of Shamis and Gentile, P.A.; Manuel S. Hiraldo of Hiraldo P.A; and Ignacio J. Hiraldo or IJH Law as Class Counsel for the Settlement Class.

6.     The Court finally designates Plaintiff Shehan Wijesinha as the Class Representative.

## IV.     NOTICE AND CLAIMS PROCESS

7.     The Court makes the following findings on notice to the Settlement Class:

(a)     The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)     The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

## V.     FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8.     The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable,

and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

## VI.    ADMINISTRATION OF THE SETTLEMENT

9.    The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10.    The Court hereby approves Class Counsel's request for attorney fees, costs, and expenses, and awards Class Counsel $_____ as reasonable attorneys' fees and costs, inclusive of the award of reasonable costs incurred in this Action, which consists of ___% of the Settlement Fund, in the manner specified in the Settlement Agreement. The Court finds that the requested fees are reasonable under the percentage of the fund for the reasons set forth herein. The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11.    The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (3) Class Counsel have standard contingent fee agreements with Plaintiff, who has

reviewed the Settlement Agreement and been informed of Class Counsel's fee request and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and ____ Settlement Class Member(s) objected.

12.     In addition, the Court has applied the factors articulated in *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested. The court finds and concludes that the following applicable factors support the requested award of attorneys' fees and costs:

    *a.   Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required work representing Plaintiff and the class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

    *b.   Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including uncertainty on class certification, contested issues about whether the TCPA is unconstitutional on its face and as applied to the speech at issue, and whether the software and equipment used to send the text message constituted an Automatic Telephone Dialing System in a setting of developing case law and FCC rulings and recovery being dependent on a successful outcome, which was uncertain.

    *c.   Class Counsel Achieved an Excellent Result for the Settlement Class*

Class Counsel achieved excellent monetary results for Settlement Class Members. Here, the Settlement required Defendant to make available up to $1,017,430.00 for the Settlement Class

and will produce a per person cash benefit that is well within the range of recoveries established by other court approved TCPA class action settlements. *See, e.g.*, *Spillman v. RPM Pizza, LLC*, Case No. 3:10-cv-00349.

        d.   *The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases*

Many similar TCPA class settlements provide for one third of the fund. *See Guarisma v. ADCAHB Medical Coverages, Inc.*, 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). Common-fund attorney fee awards of one-third are "consistent with the trend in this Circuit." *Reyes v. AT&T Mobility Servs., LLC*, No. 10-20837-CIV, [DE 196], at 6. Here, Class Counsel is awarded less than in these other cases—____%. This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action.  Class Counsel regularly engage in complex litigation involving consumer issues, all have been class counsel in numerous consumer class action cases.

        e.   *This Case Required a High Level of Skill*

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard fought litigation against a sophisticated defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001).

13.    The Court awards a Service Award in the amount of $_____ to Plaintiff Shehan Wijesinha payable pursuant to the terms of the Settlement Agreement.

## VII.   RELEASE OF CLAIMS

14.    Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged SBA and the Released Parties from the Released Claims as set forth in the

Settlement Agreement

15.     Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

16.     The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

17.     The Releases, which are set forth in Section V of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Parties (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a)     The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section III(D) of the Settlement Agreement.

(b)     The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c)     The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d)     The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18.     Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, continuing or in any way participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

## VIII.   NO ADMISSION OF LIABILITY

19.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a)     offered by any person or received against SBA or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by SBA of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by SBA or any Released Party;

(b)     offered by any person or received against SBA or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by SBA or any Released Party; or

(c)     offered by any person or received against SBA or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX.     OTHER PROVISIONS

20.     This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.     Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22.     In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

23.     This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**DONE** and **ORDERED** at Miami, Florida, this _____ day of _____, 201_

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

12

# EXHIBIT 3

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

# If You Were Sent a Text Message from Susan B. Anthony List, Inc., You May Be Entitled to a Payment from a Class Action Settlement.

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement[1] has been reached in a class action lawsuit about whether Susan B. Anthony List, Inc., ("SBA List" or "Defendant"), a nonprofit social welfare organization, sent text messages to mobile telephone numbers using an automatic telephone dialing system without prior express written consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). SBA List denies the allegations and any wrongdoing. The Court has not decided who is right.

- The Settlement offers payments to Settlement Class Members who file valid Claims.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you are a member of the Settlement Class, you must submit a completed Claim Form to receive a payment. If you do so and the Court approves the Settlement and it becomes final and effective, and you remain in the Settlement Class, you will receive your payment by check. |
| **EXCLUDE YOURSELF** | You may request to be excluded from the Settlement and, if you do, you will receive no benefits from the Settlement. |
| **OBJECT** | Write to the Court if you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in court about the fairness of the Settlement. |
| **DO NOTHING** | You will not receive a payment if you fail to timely submit a completed Claim Form, and you will give up your right to bring your own lawsuit against SBA List about the Claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying Claim Forms. Please be patient.

---

[1] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement, a copy of which may be found online at the Settlement Website below.

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT**
**www.SBATCPAsettlement.com**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**...............................................................................................**PAGE 3**
1. Why is there a Notice?
2. What is this litigation about?
3. What is the Telephone Consumer Protection Act?
4. Why is this a class action?
5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**.........................................................................**PAGE 4**
6. Who is included in the Settlement?
7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**....................................................................................**PAGE 4**
8. What does the Settlement provide?
9. How do I file a Claim?
10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**....................................................**PAGE 5**
11. How do I get out of the Settlement?
12. If I do not exclude myself, can I sue SBA List for the same thing later?
13. What am I giving up to stay in the Settlement Class?
14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**.........................................................................**PAGE 6**
15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**............................................................................**PAGE 6**
17. How do I tell the Court I do not like the Settlement?
18. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING**..............................................................................**PAGE 7**
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to attend the hearing?
21. May I speak at the hearing?

**IF YOU DO NOTHING**.................................................................................................**PAGE 8**
22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.................................................................................**PAGE 8**
23. How do I get more information?

# BASIC INFORMATION

### 1.   Why is there a Notice?

A court authorized this Notice because you have a right to know about a proposed Settlement of a class action lawsuit known as *Wijesinha v. Susan B. Anthony List, Inc.*, Case No. 1:18-cv-22880-JEM  and about all of your options before the Court  decides whether to give Final Approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Martinez of the United States District Court for the Southern District of Florida is overseeing this case. The person who sued, Shehan Wijesinha, is called the "Plaintiff." Susan B. Anthony List, Inc., is called the "Defendant."

### 2.   What is this litigation about?

The lawsuit alleges that SBA List sent a text message to Plaintiff's wireless telephone number using an automatic telephone dialing system without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and seeks actual and statutory damages under the TCPA on behalf of the named Plaintiff and a class of all individuals in the United States.

SBA List denies each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in the litigation and that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through trial.

The Plaintiff's Complaint, Settlement Agreement, and other case-related documents are posted on the Settlement Website, www.SBATCPAsettlement.com.  The Settlement resolves the lawsuit.  The Court has not decided who is right.

### 3.   What is the Telephone Consumer Protection Act?

The Telephone Consumer Protection Act (commonly referred to as the "TCPA") is a federal law that restricts certain telephone solicitations and the use of automatic telephone dialing equipment.

### 4.   Why is this a class action?

In a class action, one person called the "Class Representative" (in this case, Plaintiff) sues on behalf of himself and other people with similar claims.

All of the people who have claims similar to the Plaintiff's are Settlement Class Members, except for those who exclude themselves from the class.

### 5.   Why is there a settlement?

The Court has not found in favor of either Plaintiff or SBA List. Instead, both sides have agreed to a settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Claimants will receive the benefits described in this Notice. SBA List denies all legal claims in this case. Plaintiff and his lawyers think the proposed Settlement is best for everyone who is affected.

# WHO IS PART OF THE SETTLEMENT

| 6. Who is included in the Settlement? |
|---|

The Settlement includes all persons who received a text message on their cell phone from SBA List. Specifically, the Settlement is defined as:

> All individuals within the United States (i) who were sent a text message (ii) on his or her cellular telephone (iii) by Mudshare or a similar service on behalf of Susan B. Anthony List, Inc. (iv) between July 9, 2018, through the date of the settlement agreement.

> Persons meeting this definition are referred to collectively as the "Settlement Class" and, individually, as "Settlement Class Members."

> Excluded from the Settlement Class are: (i) the district judge and magistrate judge presiding over this case, the judges of the U.S. Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to any of them; (2) individuals who are or were during the Class Period agents, directors, employees, officers, or servants of SBA List or of any affiliate or parent of Defendant; (3) Plaintiff's counsel and their employees, and (4) all persons who file a timely and proper request to be excluded from the Settlement Class.

| 7. What if I am not sure whether I am included in the Settlement? |
|---|

If you are not sure whether you are in the Settlement Class or have any other questions about the Settlement, visit the Settlement Website at www.SBATCPAsettlement.com or call the toll-free number, 1-xxx-xxx-xxxx. You also may send questions to the Settlement Administrator at SBA TCPA Settlement Administrator, P.O. Box XXXX, XXXX, XX XXXX.

# THE SETTLEMENT BENEFITS

| 8. What does the Settlement provide? |
|---|

To fully settle and release claims of the Settlement Class Members, SBA List has agreed to make payments to the Settlement Class Members and pay for notice and administration costs of the Settlement, attorneys' fees and expenses incurred by counsel for the Settlement Class, and a service award for Plaintiff (the "Settlement Fund"). Each Settlement Class member who timely files with the Settlement Administrator a valid Claim Form will receive a check for $5.00.

| 9. How do I file a Claim? |
|---|

If you qualify for a payment, you must complete and submit a valid Claim Form. You may download a Claim Form at the Settlement Website, www.SBATCPAsettlement.com, or request a Claim Form by calling the Settlement Administrator at the toll-free number below. To be valid, a Claim Form must be completed fully and accurately, signed under penalty of perjury, and submitted timely.

You may submit a Claim Form by U.S. mail or file a Claim Form online. If you send in a Claim Form by U.S. mail, it must be postmarked by xxxxxxxxxx. If you file a Claim Form online, then you must so file by **11:59 p.m. EST on xxxxxxxxxx**.

No matter which method you choose to file your Claim Form, please read the Claim Form carefully and provide all the information required. Only one Claim Form may be submitted per Settlement Class Member.

| 10. When will I receive my payment? |
| --- |

Payments to Settlement Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below). If there are appeals, resolving them can take time. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue SBA List on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement Class.

| 11. How do I get out of the Settlement? |
| --- |

To exclude yourself from the Settlement, you must send a timely letter by mail to:

SBA Settlement Administrator
P.O. Box XXXX
XXXX, XX XXXX

Your request to be excluded from the Settlement must be personally signed by you under penalty of perjury and contain a statement that indicates your desire to be "excluded from the Settlement Class" and that, absent of excluding yourself or "opting out," you are "otherwise a member of the Settlement Class."

Your exclusion request must be postmarked no later than **xxxxxxxxx**. You cannot ask to be excluded on the phone, by email, or at the Settlement Website.

You may opt out of the Settlement Class only for yourself.

| 12. If I do not exclude myself, can I sue SBA List for the same thing later? |
| --- |

No. Unless you exclude yourself, you give up the right to sue SBA List for the claims that the Settlement resolves. You must exclude yourself from this Settlement Class in order to pursue your own lawsuit.

| 13. What am I giving up to stay in the Settlement Class? |
| --- |

Unless you opt out of the Settlement, you cannot sue or be part of any other lawsuit against SBA List about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at www.SBATCPAsettlement.com. The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Class listed in Question 15 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Claims or what they mean.

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT**
**www.SBATCPAsettlement.com**

**14. If I exclude myself, can I still get a payment?**

No.  You will not get a payment from the Settlement Fund if you exclude yourself from the Settlement.

# THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in the case?**

The Court has appointed the following lawyers as "Class Counsel" to represent all members of the Settlement Class.

Scott Edelsberg, Esq.
Edelsberg Law, PA
19495 Biscayne Blvd #607
Aventura, FL 33180

Andrew J. Shamis
Shamis and Gentile, P.A.
14 NE 1st Avenue, Suite 400
Miami, Florida 33132

Manuel S. Hiraldo, Esq.
Hiraldo P.A.
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301

Ignacio J. Hiraldo, Esq.
IJH Law
1200 Brickell Ave, Suite 1950
Miami, FL 33131

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

**16. How will the lawyers be paid?**

Class Counsel intend to request up to $225,000 for attorneys' fees and expenses incurred in the litigation. The fees and expenses awarded by the Court will be paid out of the Settlement Fund. The Court will decide the amount of fees and expenses to award.

Class Counsel will also request that a Service Award of $2,500.00 be paid from the Settlement Fund to the Class Representative for his service as representative on behalf of the whole Settlement Class.

# OBJECTING TO THE SETTLEMENT
**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT**
**www.SBATCPAsettlement.com**

### 17. How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  To object, you must timely submit a letter that includes the following:

1) A heading that includes the case name and case number— *Wijesinha v. Susan B. Anthony List, Inc.*, Case No. 1:18-cv-22880-JEM;

2) Your full name, address, telephone number, the cell phone number at which you received text messages from SBA List and if represented by counsel, the name, bar number, address, and telephone number of your counsel;

3) A signed statement stating, under penalty of perjury, that you received one or more text message from SBA List and are a member of the Settlement Class;

4) A statement of all your objections to the Settlement including your legal and factual basis for each objection;

5) A statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend;

6) The number of times in which your counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each listed case;

7) A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

8) Any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between you or your counsel and any other person or entity.

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) and mail your objection to each of the following three (3) addresses, and your objection must be postmarked by **XXXXXXXXXX**.

| Clerk of the Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| United States District Court for the Southern District of Florida 400 N. Miami Ave Miami, FL 33128 | Scott Edelsberg, Esq. Edelsberg Law, PA 19495 Biscayne Blvd #607 Aventura, FL 33180 | Thomas Demitrack, Jones Day 901 Lakeside Avenue, Cleveland, Ohio 44114. |

### 18. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Final Approval Hearing").

**19. When and where will the Court decide whether to approve the Settlement?**

The Court has scheduled a Final Approval Hearing on **xxxxxxx at xxx a.m.** at the xxxxxxxxxxxxx. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.SBATCPAsettlement.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and expenses and for a Service Award to the Class Representative. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

**20. Do I have to attend the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time to the proper addresses and it complies with all the other requirements set forth above, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary.

**21. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, your timely filed objection must include a statement of whether you intend to appear at the Final Approval Hearing (*see* Question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

**22. What happens if I do nothing at all?**

If you are a Settlement Class member and do nothing, meaning you do not file a timely Claim, you will not get benefits from the Settlement. Further, unless you exclude yourself, you will be bound by the judgment entered by the Court.

## GETTING MORE INFORMATION

**23. How do I get more information?**

This Notice summarizes the proposed Settlement. You are urged to review more details in the Settlement Agreement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.SBATCPAsettlement.com. You also may write with questions to the Settlement Administrator at SBA Settlement Administrator, P.O. Box XXXX, XXXX, XX XXXXX or call the toll-free number, 1-xxx-xxx-xxxx.

# EXHIBIT 4

SBA Settlement Administrator
PO Box XXXX
XXXXX, XX XXXX

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

## Legal Notice about a Class Action Settlement

<<BARCODE>>

<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<CITY, ST, ZIP>>
<<COUNTRY>>

<<Mail ID>>                                                                          **Claim Form**

To submit a Claim for a payment from the Settlement Fund, please fill out the Claim Form below and submit it by U.S. mail. You may also file a Claim Form online at www.SBATCPAsettlement.com. The deadline to file a claim online or via email is **11:59 p.m. EST on XXXXXXXXXX**. If you send in a Claim Form by regular mail, it must be postmarked on or before **XXXXXXXXXX**.

*First Name:                                    *MI:        *Last Name:

*Address:

*City:                                                        *State:        *ZIP Code:

*Cellular Telephone Number that received one or more texts from TDJC:

Telephone Number where you can be reached if different from above:

Your Email Address:

*Signature: _____        *Date (MM/DD/YY):

**If You Received a Text Message from Susan B. Anthony List, Inc.,
You May Be Entitled to a Payment from a Class Action Settlement.**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit claiming that Susan B. Anthony List, Inc., ("SBA List" or "Defendant"), a nonprofit social welfare organization, sent text messages to wireless telephone numbers using an automatic telephone dialing system without consent of the recipients in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. SBA List denies the allegations in the lawsuit, and the Court has not decided who is right.

**Who's Included?** You received this email because SBA List's records show that you may be a Settlement Class Member. The Settlement includes all persons in the United States who received a text message from SBA List between July 9, 2018, through the date of the settlement agreement.

**What Are the Settlement Terms?** SBA has agreed to make $1,017,430 available to the Settlement Class, which will be used to pay individuals who submit valid Claims, attorneys' fees, and a Service Award to the Class Representative. The cash payments, which are $5.00, will be distributed to Settlement Class Members who submit a valid Claim. Only one Claim is allowed per Settlement Class Member.

**How Can I Get a Payment?** To get a payment, you must submit a Claim Form by U.S. mail. A Claim Form is attached to this notice. You may also download or file a Claim Form online at www.SBATCPAsettlement.com or call the Settlement Administrator at the toll-free number below to request a Claim Form. If you send in a Claim Form by regular mail, it must be postmarked on or before **xxxxxxxxx**. The deadline to file a Claim online or via email is **11:59 p.m. EST on xxxxxxxxxx**.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **xxxxxxxxx**. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement Website. You may object to the Settlement by **xxxxxxxxxx**. The Long Form Notice available on the Settlement Website listed below explains how to exclude yourself or object. The Court will hold a Final Approval Hearing on **xxxxxxxxx** to consider whether to approve the Settlement, a request for attorneys' fees of up to $225,000, and a Service Award of up to $2,500 to the Class Representative. You may appear at the hearing, either yourself or through an attorney you hire, but you don't have to. For more information, call or visit the Settlement Website.

XXXXXXXX.com

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL          PERMIT NO 581          PORTLAND OR

POSTAGE WILL BE PAID BY ADDRESSEE

SBA SETTLEMENT ADMINISTRATOR SBA

PO BOX XXXX
XXXXXX XX  XXXXX

EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:18-cv-22880-JEM**

SHEHAN WIJESINHA, individually and on behalf
of all others similarly situated,

   *Plaintiff,*

vs.

SUSAN B. ANTHONY LIST, INC.,

   *Defendant.*

   **CLASS ACTION**

   **JURY TRIAL DEMANDED**

_____

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION**
**SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASS**

  Plaintiff Shehan Wijesinha ("Plaintiff") and Defendant Susan B. Anthony List, Inc. ("Defendant" or "SBA") (together, the "Parties") have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Settlement Agreement and Release ("Settlement"). The Parties reached the Settlement through arm's-length negotiations. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class will fully, finally, and forever resolve, discharge, and release their claims.

  The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement ("Motion"). [ECF No. ___] Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this

Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a Service Award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.    As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2.    The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3.    Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representative and Class Counsel

4.      It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5.      The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class.

> All individuals within the United States (i) who were sent a text message (ii) on his or her cellular telephone (iii) by Mudshare or a similar service on behalf of Susan B. Anthony List, Inc. (iv) between July 9, 2018, through the date of the settlement agreement.

6.      Specifically, the Court finds, for settlement purposes and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a)      Numerosity: In the Action, over 203,486 individuals are members of the proposed Settlement Class. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable.

(b)      Commonality: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its

truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Defendant's class-wide practices are common to the Plaintiff and the Settlement Class, are alleged to have injured all members of the Settlement Class in the same way, and would generate common answers central to the viability of the claims were this case to proceed to trial.

(c)     <u>Typicality</u>: The Plaintiff's claims are typical of the Settlement Class because they concern the same alleged Defendant's practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d)     <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). Here, Rule 23(a)(4) is satisfied because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent him and the Settlement Class. Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently

represented the Settlement Class in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Rel. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e)  Predominance and Superiority: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Here, common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover, each member of the Settlement Class has claims that arise from the same or similar alleged SBA practices as well as the same legal theories.

7.  The Court appoints Plaintiff as Class Representative.

8.  The Court appoints the following people and firms as Class Counsel: Scott A. Edelsberg of Edelsberg Law, P.A.; Andrew J. Shamis of Shamis and Gentile, P.A.; Manuel S. Hiraldo of Hiraldo P.A.; and Ignacio J. Hiraldo of IJH Law.

9.  The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves its defenses to the merits

of the claims asserted in the event the Settlement does not become Final for any reason.

Preliminary Approval of the Settlement

10.     At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11.     The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

Approval of Class Notice and the Claims Process

12.     The Court approves the form and content of the Class notices. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees appication and the request for Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

13.     KCC shall serve as the Administrator.

14.     The Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using the Class notices substantially in the forms attached to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order. The Class Notice program shall include, to the extent necessary, Mail Notice and Long-Form Notice, as set forth in the Settlement and below.

*Mail Notice*

19.     The Administrator shall administer Mail Notice as set forth in the Settlement. Mail Notice shall be completed no later than 60 days after the entry of this order.

*Settlement Website*

24.     The Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website

shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Class Notice program. The Settlement Website shall include an online portal to file Claim Forms, hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least sixty (60) days following the Claim Deadline.

25.     The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

<u>Final Approval Hearing, Opt-Outs, and Objections</u>

26.     A Final Approval Hearing shall be held before this Court on _____ ___, 2019 at ____ __.m. to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application and request for a Service Award for the Class Representative should be granted.

27.     Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be received by all those listed in the Long-Form Notice on or before the last day of the Opt-out Period, which is 30 days after the Class Notice Date ("Opt-Out Deadline"), and mailed to the addresses indicated in the Long Form Notice.

28.     Any Settlement Class Member may object to the Settlement, Class Counsel's Fee Application, or the request for a Service Award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and SBA's Counsel, at the addresses indicated in the Long-Form Notice. For an objection to be considered by the Court, the objection must be

postmarked no later than 30 days after the Class Notice Date, as set forth in the Notice. To be valid, an objection must include the following information:

a.  the name of the Action;

b.  the objector's full name, address, and telephone number;

c.  an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d.  all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e.  the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Application;

g.  a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years the objector's counsel;

h.  any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity;

i.   the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j.   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k.   a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l.   the objector's signature (an attorney's signature is not sufficient).

Further Papers in Support of Settlement and Attorney's Fee Application

29.   Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application and request for a Service Award for Plaintiff, no later than _____, which is 105 days after entry of this Preliminary Approval Order.

30.   Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and/or request a Service Award for Plaintiff no later than _____, which is 15 days after the Objection Deadline.

Effect of Failure to Approve Settlement

31.   If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)   All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)   Nothing in this Preliminary Approval Order is, or may be construed as, any

admission or concession by or against SBA or Plaintiff on any point of fact or law; and

(c)     Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar of Other Proceedings

32.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

37.     Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date | Timeline |
|---|---|---|
| Deadline for Completion of Mailed Notice | | 60 days after entry of this Preliminary Approval Order |
| Deadline for filing Motion for Final Approval of the Settlement and Class Counsel's Fee Application and expenses, and for a Service Award | | 105 days after entry of this Preliminary Approval Order |
| Deadline for opting-out of the Settlement and for submission of Objections | | 30 days after Class Notice Date |
| Deadline for Responses to Objections | | 15 days after Objection Deadline |
| Final Approval Hearing | | |

11

| Last day Class Claimants may submit a Claim Form | | 15 days after the Final Approval Order |
|---|---|---|

**DONE and ORDERED** in Chambers in Miami, Florida, this ____ day of _____, 2018.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record

12